REQUESTED BY: Senator John DeCamp 1116 State Capitol Lincoln, NE 68509
Dear Senator DeCamp:
In your letter of June 11, 1985, you call our attention to the fact that LB 662 was passed by the 1985 Legislature, that the Governor has expressed an intent to call a special session of the Legislature to again consider the substance of LB 662 and that a petition has been filed with the Secretary of State, the object of which is to place LB 662 before the voters at the general election by the constitutional process of referendum.
In light of these facts, you inquire as to our opinion as to the power of the Legislature to enact legislation at any such special session affecting the subject matter of LB 662. For the reasons set out below, we believe the Legislature could, at a special session, enact legislation affecting the subject matter of LB 662 at any time before petitions containing signatures of 5% of the electorate are filed with and verified by the Nebraska Secretary of State.
The possibilities presented by the facts you raise appear to present a case of first impression in Nebraska. In 1966, the Nebraska Supreme Court decided the case of Klosterman v. Marsh, 180 Neb. 506, 143 N.W.2d 744. In Klosterman, supra, the Legislature passed an act, it became effective, referendum petitions were approved and circulated, and while the Legislature was still in session, the Legislature amended the act which was the subject of the referendum. The direct question presented was whether the signatures obtained while the Legislature was still in session and before the subsequent amendment were valid.
Klosterman, supra, therefore differs in several respects. First, the subsequent legislative act there was an amendment to a small part of the whole act, whereas here, any subsequent legislative act would not be an amendment, but rather, a new legislative act, albeit on the same subject matter, amending the same statute LB 662 amended. Secondly, the case did not involve the power of the Legislature to act, but rather, the validity of signatures obtained.
We believe, however, that some of the language found in Klosterman, supra, is instructive to the question you raise. Citing with approval from its previous decision in Ayres v. Amsberry, 104 Neb. 273, 177 N.W. 179, the court stated: "`The amendment under consideration reserves to the people the right to act in the capacity of legislators. The presumption should be in favor of the validity and legality of their act. The law should be construed, if possible, so as to prevent absurdity and hardship and so as to favor public convenience.' The court later said: `Any legislation which would hamper or render ineffective the power reserved to the people would be unconstitutional.'"
After reaching the conclusion that the signatures obtained while the Legislature was still in session were valid, the court was careful to point out the kinds of situations that were not addressed by their decision. Specifically, they held:
 In this case, we are not faced with the problem of a referendum petition against a specific legislative act in which changes or amendments made by the Legislature in a subsequent amending act might be such as to make them inseverable. Nor is this a case where the latter amendment was so major and extensive as to make the issue to be presented to the voters unintelligible or so misleading as to be unfair or constitute fraud. Neither is this a case in which rejection of the act under referral by the voters would create confusion or upset the orderly process of legislation.
While we are unable to find a decision of the Nebraska Supreme Court directly on point, the Supreme Court of the State of Missouri appears to have addressed a similar issue in 1922. In State v. Becker, 240 S.W. 229, the Missouri Supreme Court considered a situation where an act was suspended because of a referendum then subsequently amended by the general assembly in an extra session. The court stated that the power of the Legislature was suspended until after the act had been voted upon. To not do so, the court reasoned, would make the referendum power meaningless and futile. It is important to note, however, that the court there limited its holding to situations where the legislative act had actually been referred and not to a situation where the process of referendum had been begun but not completed.
We believe the Nebraska Supreme Court would find the holding of the Missouri Supreme Court cited above generally persuasive, and thus, we reach the conclusion that the Legislature may reconsider the action taken by the passage of LB 662 up until the time when the referendum process has been completed by the filing with and the verification by the Secretary of State of the requisite number of signatures to cause the matter to be placed before the voters at the next general election. After that time, it would appear that a major substantive change to the provisions of LB 662 would have the effect of hampering or rendering ineffective the constitutionally reserved power of referendum.
Sincerely,
ROBERT M. SPIRE Attorney General